IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIP LEE FANTONE, | ) |
| Plaintiff, | ) Civil Action No. 2: 12-cv-1691 |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| JOE BURGER, | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff's Motion for Order of Court Compelling Discovery. (ECF No. 70), to which Defendant has filed a Response (ECF No. 72). For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**A. Legal Standard**

The general framework for determining the scope of allowable discovery for cases in federal courts is provided by Federal Rule of Civil Procedure 26(b), which provides as follows.

> **(b) Discovery Scope and Limits.**
>
> **(1) Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).
>
> **(2) Limitations on Frequency and Extent**.
>
> (A) *When Permitted*. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of

depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

(B) *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501. The polestar of discovery is relevance, which, for discovery purposes, is interpreted broadly. All relevant material is discoverable unless an applicable evidentiary privilege is asserted. Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). When there is no doubt about relevance, a court should tend toward permitting discovery. Heat

and Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, at 556 (7th Cir. 1984)).

Fed.R.Civ.P. 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. The burden is upon the party objecting to discovery to state the grounds for the objection with specificity. Fed.R.Civ.P. 34(b)(2); Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996). "Mere recitation of the familiar litany that an interrogatory or a document production request is overly broad, burdensome, oppressive and irrelevant will not suffice." *Id*. (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). The objecting party must demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982). The party attempting to withhold the release of relevant material on the grounds of privilege must also "describe the nature of the documents, communications, or other tangible things not produced or disclosed ... in a manner that ... will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A)(ii). Once an objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26. Momah, 164 F.R.D. at 417. Then, the party opposing discovery must convince the court why discovery should not be had. *Id*. (citing Amcast Indus. Corp. v. Detrex Corp., 138 F.R.D. 115, 118–19 (N.D. Ind. 1991)).

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in

specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Option One Mortgage Corp. v. Fitzgerald, Civil No. 3:07-1877, 2009 WL 648986 at *2 (M.D. Pa. Mar.11, 2009). With these principles in mind, the Court will review Plaintiff's motion.

**B. Discussion**

Plaintiff has filed a motion seeking to compel specific discovery requests relating to his suit against the sole remaining defendant Joe Burger, a prison correctional officer, who Plaintiff alleges wrongfully retaliated against him because he would not confess to a disciplinary charge and because he filed a grievance against Burger. The factual background of this case was fully discussed in this Court's Memorandum Opinion and Order (ECF No. 48), as well as the Opinion of the Court of Appeals for the Third Circuit, dated December 9, 2014. The Third Circuit upheld this Court's grant of a Motion to Dismiss Plaintiff's claims of denial of due process in connection with misconduct proceeds and a conspiracy claim. The retaliation claim against Defendant Burger is the sole remaining claim and Burger is the sole remaining defendant.

On April 24, 2015, the Court entered an Order requiring Defendant to provide Plaintiff with numerous items of discovery. Plaintiff was ordered to advise the Court of any additional relevant discovery he requests no later than June 26, 2015. Plaintiff was also advised that he could not submit requests for discovery directly to Defendant without leave of Court. (ECF No. 61). On May 27, 2015, Defendant advised the Court that he had complied with the Court's Order as well as a subpoena it received from Plaintiff. (ECF No. 64). On July 7, 2015, Plaintiff filed the pending Motion to Compel, asserting that Defendant's production was incomplete and requesting additional documents. (ECF No. 70). Defendant filed a response on July 24, 2015. (ECF No. 72).

4

Specifically, Plaintiff makes the following requests, which are addressed *seriatim* below.

1.  <u>The Complete Grievance # 409468 Paperwork.</u>

In his first request, Plaintiff seeks the "complete paperwork" pertaining to Grievance # 409468. Defendant responds that the "complete paperwork" was provided to Plaintiff on May 27, 2015. Thus, this request is **DENIED** as moot.

2.  <u>The Final Disposition of Misconduct B310909.</u>

Plaintiff requests the final Disposition of Misconduct B310909 and Defendant responds that Plaintiff has this document which is attached to the complaint at Doc. No. 3-2. Thus, this request is **DENIED** as moot.

3.  <u>The Complete File for Misconduct B148406</u>.[1]

Plaintiff requests documents related to Misconduct B148406, which he represents was dismissed due to lack of evidence. He asserts that these documents are "material in the development of the pattern of conspiracies and retaliations against Plaintiff." (ECF No. 70 at 1). Defendant responds that this Misconduct was reported by CO Durkacs, not a defendant in this case, and that it is not related to the misconduct that resulted in administrative custody that Plaintiff asserts was the result of retaliation by Defendant. Further, the conspiracy claim is no longer part of this litigation and the only remaining retaliation claim is against Defendant.

As stated above, once an objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26. Based upon the motion filed by Plaintiff, the Court finds that Plaintiff has failed to make a showing of the relevancy of this request. Thus, this request is **DENIED**.

---

[1] Plaintiff identifies this Misconduct by numbers B148806 and B148406 in his motion. Defendant refers to this Misconduct as number B148406. (ECF No. 70).For purposes of this order, the Court will assume that the reference to number B148806 is a typographical error.

5

4. <u>RHU/A100 Employee Login Sheets</u>.

Plaintiff requests these login sheets for four days in 2012. He does not give a reason for this request other than stating: "If defendant wishes not to reveal his location of being where the complaint puts him on the above dates and times due to some kind of institutional rule. The plaintiff is no longer in prison or even living in Pennsylvania and besides that this material needed can be filed under seal." (ECF No. 70 at 2). Defendant objects to the relevance of these login sheets and states that the release of the documents could cause security concerns. The court finds that Plaintiff has failed to make a showing of the relevancy of these documents. Further, the Court credits prison security concerns raised by Defendant. Thus, this request is **DENIED**. The Court notes that Plaintiff may request the information concerning Defendant's whereabouts at a particular relevant time by way of an interrogatory or by a request for admission; therefore he is not prejudiced by this denial.

5. <u>Any and All Complaints and Grievances Against Defendant by Prisoners</u>.

Defendant argues that these documents are likewise irrelevant. Further, Defendants asserts that Grievances are not definitive proof of anything, but rather, simply allegations. The Court finds that Plaintiff has failed to make a showing of the relevancy of these documents. Thus, this request is **DENIED**.

**AND NOW,** this 31st day of July, 2015:

**IT IS HEREBY ORDERED** that Plaintiff's motion is **DENIED** as explained above.

<u>s/Cynthia Reed Eddy</u>  
Cynthia Reed Eddy  
United States Magistrate Judge

cc: PHILLIP LEE FANTONE
9600 Village View Blvd.
Apt. 202
Bonita springs, FL 34135

Robert A. Willig
Office of Attorney General
Email: rwillig@attorneygeneral.gov