# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| PHILLIP LEE FANTONE, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2:12-cv-1691 |
| v. | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| JOE BURGER, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Presently before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution. (ECF No. 79.) Plaintiff initiated this lawsuit on November 19, 2012, while he was a prisoner in the custody of the Pennsylvania Department of Corrections. On May 4, 2015, Plaintiff notified the Court that he had been released from prison. (ECF No. 62.) He first moved from Pennsylvania to Oregon, then from Oregon to Florida, where he now resides. (ECF No. 69).

The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636 *et seq.*; Consent to Trial / Jurisdiction by United States Magistrate Judge (ECF Nos. 5 and 19). The only claim remaining in this lawsuit is a retaliation claim against Corrections Officer Joe Burger. Per Court Order, discovery was to close in this case on July 27, 2015. Defendant, through counsel, noticed Plaintiff's deposition to be conducted on July 23, 2015, at the Office of the Attorney General in Pittsburgh, PA. Plaintiff telephoned defense counsel and stated that he would be unable to attend the deposition. Because Plaintiff had indicated a willingness to travel to Pittsburgh, counsel for Defendant requested an additional forty-five (45) days to complete discovery. The Court granted the request and extended the discovery deadline to September 30, 2015.

1

When Plaintiff had not contacted defense counsel by September 25, 2015, counsel requested an additional twenty-one (21) day extension of the discovery deadline, until October 21, 2015, which request was granted by the Court. Plaintiff was served with the new Notice of Deposition, which informed Plaintiff that his deposition was to be conducted on October 14, 2015, at the Office of the Attorney General in Pittsburgh, PA. Plaintiff never contacted defense counsel nor did he appear for his scheduled deposition.

On October 22, 2014, Defendant filed the instant motion. The Court issued a response / briefing schedule which ordered the Plaintiff to respond by November 25, 2015. Plaintiff was advised that the motion to dismiss would be decided without the benefit of Plaintiff's response if he did not comply with the Order. To date, Plaintiff has neither filed a response to Defendant's Motion nor has he filed a motion for an extension of time to do so.

This case has been lingering on the Court's docket solely through the fault of the Plaintiff, and should not be allowed to linger any longer. The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the Plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

A plaintiff's failure to comply with a court order constitutes a failure to prosecute and is subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction,

> improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss an action pursuant to Fed.R.Civ.P. 41(b) for failure to comply with an order of the court. *See, e.g.*, Shipman v. Delaware, 381 F. App'x 162, 164 (3d Cir. 2010) (a pro se plaintiff's failure to respond to an opposing party's motion to dismiss provides a basis for dismissing an action for failure to prosecute); Jackson v. U.S. Bankruptcy Court, 350 F. App'x 621, 625 (3d Cir. 2009) (concluding that district court did not abuse its discretion in dismissing this case for failure to prosecute based on, *inter alia*, plaintiff's failure to respond to three pending motions to dismiss); Allen v. American Federation of Government Employees, 317 F. App'x 180, 181 (3d Cir. 2009) (holding that district court did not abuse its discretion in dismissing complaint without explicitly weighing the Poulis factors when plaintiff failed to file an amended complaint as ordered by the court); Gagliardi v. Courter, 144 F. App'x 267 (3d Cir. 2005) (holding that district court did not abuse its discretion by dismissing, for failure to prosecute, a complaint where plaintiff failed to respond to motion to dismiss for more than three months and plaintiff did not appear to have a meritorious cause of action).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1)  extent of the party's personal responsibility;

(2)  prejudice to the adversary;

(3)  a history of dilatoriness;

(4)  whether the conduct of the party or the attorney was willful or in bad faith;

(5) effectiveness of sanctions other than dismissal; and

(6) meritoriousness of the claim or defense.

In weighing the Poulis factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Consideration of these factors follows.

1. The Extent of the Party's Personal Responsibility

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the Order of October 23, 2015, directing him to file a response by November 23, 2015. The responsibility for his failure to comply is Plaintiff's failure alone.

2. Prejudice to the Adversary

Plaintiff has prejudiced the Defendant since his failure to respond has made it difficult for this court to determine whether any genuine issues of material fact exist. Additionally, Plaintiff's complaint forced Defendants to retain an attorney and expend time and energy to resolve this matter. By failing to respond to Defendant's motion, a decision on this matter has been unduly delayed.

3. A History of Dilatoriness

Plaintiff has made no effort to move this case forward and has ignored the court's order to respond to Defendant's motion. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case.

4. <u>Whether the Party's Conduct Was Willful or In Bad Faith</u>

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. The discovery deadline was extended twice to accommodate Plaintiff's out of town situation. Plaintiff failed to attend his deposition and has failed to respond to the Court's order to respond to the motion to dismiss. Thus, the conclusion that his failure is willful is inescapable.

5. <u>Alternative Sanctions</u>

There are no alternative sanctions which would adequately punish the Plaintiff for his failure to respond to Defendant's motion; imposing a monetary sanction on the prisoner would not be effective as he appears to be impecunious.

6. <u>Meritoriousness of the Claim or Defense</u>

It is difficult to assess the meritoriousness of Plaintiff's claims as his failure to respond has made it difficult for this Court to determine whether there are any genuine issues of material fact. This factor neither weighs for or against dismissal.

In summary, at least five of the six <u>Poulis</u> factors weigh heavily in favor of dismissal. Accordingly, Defendant's motions should be granted and this action will be dismissed in its entirety with prejudice for Plaintiff's failure to prosecute it.

An appropriate Order will be entered.

By the Court:

<u>s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

DATED: December 8, 2015

cc: PHILLIP LEE FANTONE
9600 Village View Blvd
Apt. 202
Bonita Springs, FL 34135
(via U.S. First Class Mail)

Robert A. Willig
Office of Attorney General
(via ECF electronic notification)